**In re C. Jere ALBRIGHT, Debtor.**

**Nos. 87 B 08510, 88 C 10144.**

United States District Court,
N.D. Illinois, E.D.

Jan. 25, 1989.

Joel Schechter, Grossman, Mitzenmacher & Schechter, Chicago, Ill., for trustee.

Keith J. Shapiro, J. Michael Williams, and Ira Gould, Holleb & Coff, Chicago, Ill., for Alan Neuman Productions, Inc.

Rufus Cook, Barbara J. Revak, and Steven O. Ross, Cook Partners Law Offices, Chicago, Ill., for debtor.

## MEMORANDUM OPINION AND ORDER

PLUNKETT, District Judge.

Debtor–Appellant C. Jere Albright ("debtor") appeals an order of the bankruptcy court disqualifying his counsel, Cook Partners Law Offices, Limited. For the reasons stated below, we affirm the bankruptcy court's order.

### Jurisdiction

Title 28 U.S.C. § 158(a) provides: "The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees." Since the bankruptcy court's order of disqualification is final, fully resolves the discrete issue of the debtor's right to be represented by Cook Partners Law Offices, seriously affects the debtor's right to counsel of his choice, and could cause irreparable harm, it is appealable as a final order. *See In re Technical Knockout Graphics, Inc.,* 833 F.2d 797, 800 (9th Cir.1987). We therefore have jurisdiction under 28 U.S.C. § 158(a).

### Facts

Debtor, C. Jere Albright, filed an individual Chapter 11 bankruptcy petition on June 9, 1987. At that time, he was president and sole shareholder of Midata Manage-

ment Corporation ("Midata"). Midata has no employees, office facilities or apparent assets other than contractual rights and causes of action. In connection with the bankruptcy petition, debtor filed a schedule of assets listing his one hundred percent interest in Midata as having a value of $10,000,000.

On or about August 24, 1987, the debtor sought and received bankruptcy court approval to retain Rufus Cook and his firm, Cook Partners Law Offices, Ltd. ("Cook"), as his attorneys. *See* 11 U.S.C. § 327. Cook filed a statement indicating that no compensation had been paid or agreed to be paid to it, as required by 11 U.S.C. § 329(a).

On November 2, 1987, an amended Chapter 11 petition was filed, along with amended schedules which stated that the debtor's interest in Midata was worth only $500,000. By order of the bankruptcy court, the case was converted to a case under Chapter 7 on or about January 15, 1988.

On January 11, 1988, during a discussion in chambers with the bankruptcy judge, Cook first admitted the existence of an agreement between itself and Midata providing for Cook's compensation by Midata for services to Midata and to C. Jere Albright, Midata's president, in his bankruptcy proceedings. The agreement, evidenced by a letter dated Janaury 14, 1988, was reached on or about July 28, 1987. The letter stated the terms of the July 28 agreement as follows:

(1) that Midata consisted of three assets: a note for $7,150,000, shares of stock in another corporation, and causes of action, primarily for breach of contract;
(2) that these assets required legal action or negotiated settlements to be realized;
(3) that Midata had no funds, no offices or personnel, and had been dissolved by the state in which it was incorporated;
(4) that debtor's individual bankruptcy case was pending and:

Midata's ability to realize on its own assets can enable you, as its sole shareholder, to deal with your Chapter 11 problems, as to which you also need legal representation

....

[W]e have agreed that Cook Partners will undertake Midata's representation generally, and your representation in the bankruptcy court, on the following terms:

... 5. ... Cook Partners or its nominee will be entitled to receive 50,-000 shares of Midata stock, representing 50 percent of its total shares then outstanding....

6. We both understand that the first objective of our combining forces is to resolve your bankrutpcy problem by full payment of all valid claims and expenses associated with it. All shares ... will neither earn nor be entitled to receive profits until the Chapter 11 case has been resolved as agreed.

Letter of January 14, 1988, from Rufus Cook to C. Jere Albright.

The bankruptcy court granted the United States Trustee's motion to convert the case to one under Chapter 7, finding that the agreement described above showed, at a minimum, a serious lack of judgment on the part of the debtor. The Trustee then applied to disqualify the debtor's counsel.

*Ruling of the Bankruptcy Court*

The bankruptcy court made the following findings of fact:

(1) that Midata was one of the principal assets of the debtor's estate;

(2) that the debtor had been the sole owner of Midata at the time the original bankruptcy petition was filed;

(3) that creditors of the debtor had alleged throughout the bankruptcy proceeding that Midata was the alter ego of the debtor;

(4) that debtor's counsel, Cook, had filed with the bankruptcy court on August 17, 1987, a statement that no compensation had been paid or had been agreed to be paid by the debtor to Cook, and the court had then approved Cook's appointment as counsel to the debtor on August 24, 1987;

(5) that in July, 1987 Cook had entered into an agreement to represent Midata and the debtor in his Chapter 11 case;

(6) that the terms of this agreement were not revealed to the bankruptcy court until January 11, 1988, at which time Cook had disclosed that it owned 50 percent of the stock of Midata;

(7) that the written version of the agreement dated January 14, 1988, which stated that Cook would advance funds to the debtor and would receive 50 percent of the shares of Midata, showed that the agreement was intended to provide compensation to Cook for representing Midata and for representing the debtor in its bankruptcy case;

(8) that the debtor and Cook had failed to disclose to the bankruptcy court or to any party the existence and terms of this agreement at and prior to the time the bankruptcy court authorized Cook's employment;

(9) that throughout the bankruptcy proceeding, the creditors had sought to determine the ownership of Midata, the composition of Midata's board of directors, and the conduct of Midata's business affairs, and the debtor and Cook had vigorously resisted these efforts; and

(10) that Cook had failed to disclose its interest in Midata.

Memorandum Opinion and Order, No. 87 B 8510, Oct. 24, 1988 ("Opinion") at 1–6.

The bankruptcy court then held that Cook had violated 11 U.S.C. § 329, which requires disclosure of all of an attorney's connections with the debtor before the approval of his employment. Opinion at 10. The court further held that Cook was not a disinterested person, as required under 11 U.S.C. § 327(a), at the time its employment was approved by the court. It found that Cook's undisclosed interest in Midata created, at a minimum, an appearance of impropriety, since the debtor had sought to prevent discovery concerning Midata and since creditors had alleged Midata was the alter ego of the debtor throughout the bankruptcy proceedings. It further found that the undisclosed arrangement between the debtor and Cook denied creditors an opportunity to propose alternative means to resolve their claims by making creditors shareholders in Midata. *Id.* at 7–8.

The court therefore held that Cook held an interest adverse to creditors which created at least a potential conflict and an appearance of impropriety. Therefore, Cook was not entitled to be employed by the debtor and was disqualified as counsel. *Id.*

## Standard of Review

We may reverse the ruling of the bankruptcy court only if its findings of fact are clearly erroneous or unsubstantiated by evidence on the record or if the ruling is based upon an error of law. *In re Ebbler Furniture and Appliances, Inc.*, 804 F.2d 87, 89 (7th Cir.1986).

## Analysis

We find that the bankruptcy court's findings of fact are not clearly erroneous and must be upheld. The only factual determination that the debtor contests is whether the agreement between the debtor and Cook provided Cook with compensation for aiding the debtor in its bankruptcy proceedings. We find that the terms of the agreement, as set forth in the January 14, 1988 letter, were reasonably construed by the bankruptcy court as evidence that the agreement did compensate Cook for representing the debtor. We find no error here.

Debtor also claims that the bankruptcy court made errors of law. We disagree. First, it is abundantly clear that Cook violated 11 U.S.C. § 329(a), which provides:

Any attorney representing a debtor ... whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid ... for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

Counsel failed to state the terms of its agreement with Midata, a company of

which debtor was the sole shareholder and president. Since the agreement provided that counsel would receive stock in Midata making it a 50 percent shareholder and that counsel would provide legal services to the debtor in his bankruptcy proceedings, it is clear that the arrangement was required to be disclosed to the bankruptcy court at the time Cook sought employment as debtor's counsel. *See In re Kero–Sun, Inc.*, 58 B.R. 770, 777–78 (Bankr.D.Conn.1986). The failure to disclose the arrangement at that time clearly created an appearance of impropriety and served to hinder and delay the debtor's creditors and the bankruptcy proceedings.

 Further, 11 U.S.C. §§ 327(a) and 1107(a) provide that the debtor (or trustee) may, with the court's approval, employ attorney(s) "that do not hold or represent an interest adverse to the estate, and that are disinterested persons." 11 U.S.C. § 101(13) provides that a "disinterested person" is one who is not a creditor or an equity security holder or an insider, and "does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor...." 11 U.S.C. § 101(13)(E). We think it clear that Cook, by virtue of its 50 percent interest in Midata and the timing of its obtaining such interest, held an interest adverse to the interest of the estate and of other creditors.

Cook's interest is adverse because (1) Cook and the debtor have hindered and delayed the creditors' efforts to obtain information concerning debtor's principal asset, Midata; (2) the other creditors allege Midata and the debtor are alter egos and hence, the corporate veil of Midata may ultimately be pierced and its assets, of which Cook is now 50 percent owner, made part of the debtor's bankruptcy estate; and (3) the transaction by which Cook obtained its interest in Midata occurred during the pendency of the bankruptcy, without court approval, and may have diluted the assets of the estate. Further, Cook may be disqualified as debtor's counsel because he breached his fiduciary duties to the bankruptcy court and creditors by failing to disclose his compensation agreement with Midata and the debtor. We think it clear that Cook had an interest materially adverse to the interests of the estate and creditors, and uphold the bankruptcy court's ruling.

### Conclusion

The decision of the bankruptcy court is affirmed.